United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRUCE,<br>Plaintiff,<br>v.<br>IGLOO PRODUCTS CORP.,<br>Defendant. | Case No. 26-cv-07888-WHO<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Re: Dkt. No. 14 |

Plaintiff David Bruce alleges that his finger was crushed and seriously injured by an Igloo-brand cooler while he was sliding the cooler out from a bear box on a camping trip. Plaintiff contends that his injury was caused by a design defect in the cooler handle and brings claims for strict products liability and negligence. Defendant Igloo Products Corp. ("Igloo") moves to dismiss both claims for failure to plausibly allege any design defect and causation between a design defect and Bruce's injury. As discussed below, I find that Bruce sufficiently pleaded his claims and DENY Igloo's motion to dismiss.[1]

**BACKGROUND**

Igloo designs, manufactures, markets, imports, distributes, and sells the Latitude 90 Roller Cooler. Compl. [Dkt. No. 1] ¶ 1. Bruce, a California resident, used one such cooler on a family camping trip. *See id.* ¶¶ 12, 18. He needed to take water out of the cooler, so he went to remove it from a bear box. *Id.* ¶¶ 18–19. As he was sliding the cooler out of the bear box, the lever got caught, causing his left index finger to get trapped in the hinge. *Id.* ¶ 21. His finger immediately began bleeding, and he "realized the Cooler's tow handle had taken off the nail and a chunk of his

[1] Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and VACATE the September 30, 2026, hearing.

left index finger." *Id.* ¶ 22. Bruce alleges that he "continues to have numbness and pain in his left finger" as a result of the incident. *Id.* ¶ 24.

In February 2025, the Consumer Products Safety Commission recalled Igloo-brand coolers, including the type owned by Bruce, after receiving twelve reports of fingertip injuries resulting from the handle pinching consumers' fingertips against the cooler. *Id.* ¶ 25. Bruce alleges that Igloo knew or should have known of the defective design but instead prioritized profit over safety by continuing to sell the coolers, failing to warn consumers of the serious risks posed by the design defects, and failing to timely recall the defective coolers. *Id.* ¶ 26.

Bruce now brings strict products liability and negligence claims against Igloo. Compl. ¶¶ 34, 51. Both claims are premised on an alleged design defect in the cooler's handle. *Id.* Igloo moved to dismiss both claims. *See* Defendant's Motion to Dismiss Plaintiff's Complaint ("Mot.") [Dkt. No. 14].

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

Bruce's strict liability and negligence claims are predicated on existence of an alleged design defect in the cooler. Compl ¶¶ 34, 50. Igloo moves to dismiss both claims on two grounds. First, Igloo argues that Bruce has not adequately pleaded the existence of any design defect. Mot. at 9–11. Second, Igloo contends that Bruce failed to adequately plead causation between the alleged design defect and his injury. *Id.* at 11–14.

**I. Failure to Plausibly Allege a Design Defect**

Under California law, a design defect may be established under the consumer expectation test or the risk-benefit test. *Colgate v. JUUL Labs, Inc.*, 345 F. Supp. 3d 1178, 1192 (N.D. Cal. 2018). Bruce brings his design defect claims under the consumer expectation test. Compl. ¶ 5; Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 15] at 5. Under that test, a product is "defective in design if the plaintiff establishes that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner." *Colgate*, 345 F. Supp. 3d at 1192 (citation omitted). Igloo argues that Bruce has not plausibly alleged a design defect because he did not plead facts plausibly establishing that he was using the cooler in a "reasonable and foreseeable manner" or describe how the cooler failed to perform as safely as an ordinary consumer would expect. Mot. at 9–10. Both arguments fail.

First, Bruce plausibly pleads that he was using the cooler in an "intended or reasonably foreseeable manner." He alleges that while camping, he used the cooler to store water, had stored the cooler in a bear box, and was attempting to remove the cooler from the bear box when his

finger got caught. Compl. ¶¶ 18–22. Construing these allegations in Bruce's favor, they are sufficient at this stage to establish a "reasonably foreseeable" use of the cooler.

None of Igloo's cited cases support its contention that Bruce must allege greater factual detail to rule out uses that are not reasonable or foreseeable. *See* Defendant Igloo Products Corp.'s Reply in Support of Motion to Dismiss Plaintiff's Complaint [Dkt. No. 18] at 3. Igloo cites to cases where the plaintiff alleged that he was driving a car at a "customary road speed," *Rodas v. Porsche Cars N. Am., Inc.*, No. 2:14-CV-03747, 2015 WL 12762064, at *3 (C.D. Cal. Feb. 13, 2015), or "safe rate of speed." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Prods. Liab. Litig.*, 754 F. Supp. 2d 1208, 1218 (C.D. Cal. 2010). But such allegations are no more specific than Bruce's allegation that "the simple act of sliding the cooler out of the bear box" was a "normal, foreseeable use of the product." Compl. ¶ 36. Likewise, the court in *McGill v. Ford Motor Company*, No. 4:24-CV-01084-JST, 2024 WL 2941632, at *5 (N.D. Cal. June 11, 2024), held that the plaintiff plausibly alleged a design defect where she alleged that she parked and exited a vehicle, without including more detail to rule out unreasonable or unforeseeable uses.

Second, Bruce plausibly alleges that the cooler failed to meet the minimum safety expectations of an ordinary consumer. At the motion to dismiss stage, it is sufficient for a plaintiff to identify the defect, the causes of the defect, and to allege that the product fails to perform as safely as an ordinary consumer would expect. *In re Pac. Fertility Ctr. Litig.*, No. 3:18-CV-01586-JSC, 2019 WL 3753456, at *8 (N.D. Cal. Aug. 8, 2019). Bruce has done just that: he alleges that "due to [a] defective design in the tow handle, the Cooler failed to operate safely and effectively in a foreseeable and intended manner in that [an] ordinary, reasonable consumer would not expect that the design of the tow handle of the subject Cooler could and would allow a consumer's digits to be pinched between the tow handle and Cooler during the normal, foreseeable use of the product." Compl. ¶ 37.

Bruce's assertion that the cooler failed to meet minimum safety expectations is further substantiated by his allegations that the same type of cooler was recalled because of consumer injuries. *See Valles v. Amazon.com LLC*, No. 24-cv-06233-VC, 2025 WL 1635652, at *2 (N.D.

Cal. June 9, 2025) ("But surely a product that produces terrible outcomes, even if that outcome only happens to some small percentage of the users, might still be indicative of a faulty design"). The recall allegedly followed reports of finger injuries also stemming from consumers' fingers getting pinched between the tow handle and the cooler. Compl. ¶ 25. If "the risk was serious enough to warrant a mass recall," it plausibly "exceeded the safety expectations of an ordinary consumer." *Lee v. Igloo Products Corp.*, Case No. 2:25-CV-01526, 2026 WL 2428161, at *3 (E.D. Cal. Aug. 19, 2026).

Again, Igloo's argument for greater specificity at this stage is unsupported by the cases it cites. In those cases, the plaintiffs did not describe how the product at issue failed to meet the minimum safety expectations of an ordinary consumer, which Bruce has done. *See Altman v. HO Sports Co.*, No. 1:09-CV-1000, 2009 WL 4163512, at *8 (E.D. Cal. Nov. 23, 2009) (providing example of sufficient allegation); *Smith v. Pride Mobility Prods. Corp.*, No. 5:16-CV-04411-LHK, 2016 WL 6393549, at *9 (N.D. Cal. Oct. 28, 2016). The other cited cases are inapposite because they were at different stages of litigation or bore on different claims. *See McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1119–25 (reviewing trial court's summary judgment decision); *Azoulai v. BMW of N. Am. LLC*, No. 5:16-CV-00589-BLF, 2017 WL 1354781, at *9 (N.D. Cal. Apr. 13, 2017) (holding that plaintiffs failed to allege "the existence of an unreasonable safety hazard" as required for a different claim).

As described above, Bruce has plausibly alleged a design defect. Accordingly, I DENY Igloo's motion to dismiss Bruce's claims based on the consumer expectations test.

**II. Failure to Plausibly Allege Causation**

California law requires that a product liability case "be based on substantial evidence establishing both the defect and causation . . . ." *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (2005). Having plausibly alleged a design defect, Bruce must then "plausibly plead facts that, if true, would establish a causal relationship . . . between the defect and the injury." *Taft v. Nabisco*, No. 2:15-CV-02685, 2015 WL 12819144, at *1 (C.D. Cal. June 4, 2015), *aff'd*, 675 F. App'x 796 (9th Cir. 2017) (citation omitted). He has done so here.

Bruce alleges that as he was sliding the cooler out of the bear box, with his left hand on the

United States District Court
Northern District of California

handle, his left index finger got caught in the hinge and immediately began gushing blood. Compl. ¶¶ 20–22. He further alleges that he realized that the cooler's handle had damaged his finger and nail and attributes this incident to the cooler design allowing his handle to get pinched between the handle and the cooler. *Id.* ¶¶ 22–23. Taking these allegations as true, I find that Bruce has plausibly alleged that the cooler's design defect caused his finger injury. He has "do[ne] more than simply parrot the elements of negligence and rely on the mere fact of the accident to show causation." *State Farm Gen. Ins. Co. v. Gen. Elec. Co.*, 799 F. Supp. 3d 996, 1005 (C.D. Cal. 2025).

Igloo argues that Bruce's allegations fall short, contending Bruce relied only on allegations of the recall to establish causation. *See* Mot. at 12–14. I disagree. As explained above, the complaint's other allegations support an inference of causation. Accordingly, Igloo's arguments fail because they are all based on the inaccurate assertion that Bruce relies on the existence of the recall alone to establish causation.

As I find Bruce has sufficiently alleged causation, I DENY Igloo's motion to dismiss Bruce's claims.

**CONCLUSION**

For the reasons outlined above, I DENY Igloo's motion to dismiss. Igloo shall file an answer within 20 days from the date of this order.

**IT IS SO ORDERED.**

Dated: September 25, 2026

William H. Orrick
United States District Judge